IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  06-cv-01019-RPM

JO G. DIXON,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

OPINION AND ORDER VACATING DECISION
_____

        On March 5, 2004, Jo G. Dixon filed an application for disability alleging disability beginning on October 23, 2003, due to chronic pain and fatigue.  A hearing was held on December 15, 2005.  On February 8, 2006, Ms. Dixon's application for Disability Insurance Benefits under the Social Security Act was denied based on the decision of an Administrative Law Judge ("ALJ") that the claimant had the residual functional capacity to perform past relevant work as a wire transfer clerk.  The Appeals Council denied Dixon's request for a review of the ALJ's decision on April 3, 2006, and this matter is now before this court for judicial review under 42 U.S.C. § 405(g).

        Claimant argues that: (1) the ALJ erred in rejecting the medical opinion of the treating physicians contrary to *Langley v. Barnhart*, 373 F.3d 1116, 1119, (10th Cir. 2004); (2) the ALJ erred in failing to consider claimant's impairments in combination, and (3) the ALJ's conclusion about residual functional capacity is erroneous because of his reliance upon a flawed opinion of a vocational expert.

The ALJ found that Ms. Dixon has the severe impairments of fibromyalgia and obstructive sleep apnea but concluded that she retained the residual functional capacity to perform the duties of her past job as a wire transfer clerk in a bank and therefore denied disability at Step Four of the sequential process.  In reaching that decision, the ALJ failed to give proper consideration to the opinion of Dr. Thomas Chisholm that as of July, 2005, his patient had suffered from intractable pain for two years due to fibromyalgia and chronic fatigue syndrome, making her unable to work by October, 2003.  R. 221.  The diagnosis of chronic fatigue syndrome and fibromyalgia was also recognized by Dr. John Schaeffer, a consulting psychiatrist, in his evaluation report of his examination of the claimant on June 22, 2004, R. 168.

The ALJ made passing reference to Social Security Ruling 99-2p., which describes chronic fatigue syndrome (CFS) as a systemic disorder of complex systems and establishes the policy for determining when it may be a basis for disability as a medically determinable impairment.  The ALJ recognized that Ms. Dixon submitted medical evidence and laboratory findings consistent with CFS, but then wrote this paragraph:

> A review of the medical evidence as a whole, including Dr. Chisolm's records, does not establish the presence of a medically determinable chronic fatigue impairment.  The record does not contain the required symptomatology, or clinical or laboratory signs required to confirm a diagnosis of CFS.  Any of the symptoms which are suggestive of CFS, are more consistent with the claimant's diagnoses of fibromyalgia and depression.  Likewise, the undersigned also takes notice that the claimant is taking large dosages of Oxycontin, which most likely contributes to her daytime fatigue.  R. 18

The ALJ apparently considered himself to be a better physician than Dr. Chisholm.  The ALJ failed to follow the guidance given in SSR 99-2p.

SSR 99-2p. relies on the definition of CFS developed by the Centers for Disease Control and Prevention (CDC).  The Ruling directs that an evaluation of a claim of CFS involves the concurrence of four or more of the following symptoms, all of which must have persisted or recurred during six or more consecutive months and none of which predated the fatigue: impairment in short term memory or concentration severe enough to cause substantial reduction in previous levels of occupational, educational, social or personal activities; sore throat; tender cervical or axillary lymph nodes; muscle pain; multi-joint pain; multi-joint pain without joint swelling or redness; headaches of a new type, pattern or severity; unrefreshing sleep; and postexertional malaise lasting more than 24 hours.

For purposes of Social Security disability evaluation, one or more of the following medical signs must be clinically documented over a period of at least 6 consecutive months: palpably swollen or tender lymph nodes on physical examination; nonexudative pharyngitis; persistent, reproducible muscle tenderness on repeated examinations, including the presence of positive tender points; or any other medical signs that are consistent with medically accepted clinical practice and are consistent with other evidence in the case record.  *Id.* at 22382.

The Ruling lists laboratory findings that confirm the existence of CFS including: elevated antibody titer to Epstein-Barr virus; an abnormal MRI; neurally mediated hypotension; "or any other laboratory findings that are consistent with medically

accepted clinical practice and are consistent with other evidence in the case record; for example, an abnormal exercise stress test or *abnormal sleep studies*, appropriately evaluated and consistent with other evidence in the case record." *Id. (Emphasis added).* Additionally, according to the Ruling, mental findings bear on the consideration of whether there is a medically determinable impairment. "Individuals with CFS may also exhibit medical signs, such as anxiety or depression, indicative of the existence of a mental disorder. When such medical signs are present and appropriately documented, the existence of a medically determinable impairment is established." *Id.*

While the ALJ concluded that he did not need to give the opinions of plaintiff's treating physician, Dr. Chisolm, controlling weight, the ALJ did not say what, if any, weight he did accord those opinions. When it came to ascertaining Dixon's credibility, the ALJ cited as highly influential Dr. Chisolm's concern with plaintiff's over-use of pain medication. When it came to complaints regarding pain and fatigue, the ALJ found that there were few clinical findings documenting plaintiff's claims.

To the contrary, Dr. Chisolm's records are replete with references to Ms. Dixon's pain and fatigue, with supporting clinical findings and laboratory tests. Dr. Chisolm found in April, 2003, that plaintiff had tender points on examination. (Record 160 245). In May of 2003, Dr. Chisolm documents "total body aching, 'like she has influenza.'" (Record 159). In October of 2003, Dr. Chisholm documents fatigue and pain. (Record 156). He ordered a sleep study and Dixon was diagnosed with sleep apnea. Dr. Chisolm referenced the sleep study findings in his notes of September 20, 2004

(Record 228, 270-80), which included a finding of sleep apnea by Dr. O'Brien, who reported "Alpha and Beta EEG Intrusion, likely related to a combination of medications and *chronic pain syndrome.* (Record 279-80). In July of 2004, Dr. Chisolm noted Dixon's increased fatigue and referenced lab work ordered by another doctor, reflecting a normal TSH level that suggested thyroid function was not the explanation for fatigue. (Record 237).

The ALJ placed great emphasis on a statement of Dr. Stephen Goodman, a DDS consultant, who did a physical examination of Mr. Dixon on July 19, 2004, that "At no time during the examination, does she [Dixon] appear to be in pain in her movements getting on and off the table, removing shoes and socks, and moving about in the office do not suggest that physical activity is producing pain for her here in the office." R. 173. The ALJ did not mention Dr. Goodman's opinion that her "major problem is probably chronic depression. R. 172. Depression is one of the mental problems useful in the diagnosis of CFS in SSR 99-2p., 64 FR 23380-03. As noted earlier, Dr. Schaeffer diagnosed CFS in his psychiatric evaluation report.

The A LJ failed to consider the effect of the combination of impairments shown in the medical records.

The ALJ's reliance on a vocational expert's opinion concerning the residual functional capacity to work as a wire transfer clerk was error because the hypothetical questions given to the VE were flawed in the failure to include the need for the claimant to rest during the day. As the ALJ recognized in excluding the claimant's attorney's attempt to question the VE, working only two hours before taking a 4 hour rest would

preclude full time employment.  The ALJ disregarded the claimant's testimony as to her fatigue and need for rest without making a credibility determination other than it being inconsistent with her daily activities.  The ALJ mentioned a trip to visit her sister in Washington for 5 days in December, 2003, as an example.  The ALJ failed to recognize that Ms. Dixon's impairments have been progressive.  Her condition in 2003 is not a basis for discounting her testimony as to her abilities in 2005.

The denial decision in this case is not supported by substantial evidence and is legally flawed.  Accordingly, it is vacated.  This Court is unable to make a disability determination and grant benefits, which can only be done by the Commissioner in further proceedings.  Accordingly, it is

ORDERED, that final judgment will be entered vacating the decision denying disability and remanding this matter to the Commissioner to give further consideration to the application of Jo G. Dixon.

DATED: November 6th, 2007

BY THE COURT:

s/Richad P. Matsch
_____
Richard P. Matsch, Senior Judge